

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2002

# USA v. London

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3293

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. London" (2002). *2002 Decisions.* Paper 376.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/376

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 01-3293


UNITED STATES OF AMERICA

v.

AARON CEDRIC LONDON
Appellant


On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. Action No. 01-cr-00001)
District Judge:  Honorable Sean J. McLaughlin


Submitted Pursuant to Third Circuit LAR 34.1(a)

June 28, 2002

BEFORE: AMBRO, STAPLETON and CUDAHY,* Circuit Judges

(Opinion Filed : July 3, 2002 )

_____
___

* Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit,
sitting by designation.




OPINION OF THE COURT



STAPLETON, Circuit Judge:

     Appellant Aaron Cedric London was convicted of bank robbery and
sentenced to a total of 147 months of imprisonment.  The sole issue raised in this appeal
is the propriety of the District Court's denial, after a two-day evidentiary hearing, of
London's motion to suppress any identifications of him as the robber by either Heather
Renzi, a bank teller, or Mark Paul, a bank customer.
     We review the District Court's findings of fact for clear error.  We exercise
plenary review as to the legality of the ultimate denial "in light of the court's properly
found facts."  United States v. Emanuele, 51 F.3d 1123, 1127 (3d Cir. 1995).  London

does not contend that the District Court applied the wrong legal standard.

Renzi had known London for three years before the bank robbery, recognized him before the robbery commenced, and identified him as the robber immediately after. She initially gave the FBI his name as Aaron Carr but, after talking with a friend the afternoon of the robbery, concluded that she had gotten his last name wrong. After she informed the FBI that the correct name was Aaron London, an agent came to her house and showed her a photograph of London in order to confirm that the individual she saw at the bank was Aaron London. The District Court found that under these circumstances the display of the photograph was not unnecessarily suggestive. It further determined that, in any event, under the totality of all the circumstances, Renzi's identification was reliable. We find no error.

Paul saw London's picture in a newspaper two and a half days after the robbery, immediately recognized him as the person he saw robbing the bank, and immediately called the FBI. The District Court found that the newspaper picture was "an entirely appropriate investigative tool." While it assumed for purposes of the motion that this picture "could be viewed as unduly suggestive," it concluded that Paul's identification was nevertheless reliable. In support of this conclusion, the Court pointed to the facts, inter alia, that Paul's attention had been called to London in the parking lot outside the bank before the robbery occurred and that Paul had had ample opportunity to observe London before, during, and after the robbery, initially while he was not under any stress. We likewise find no error here.

The judgment of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.

/s/ Walter K. Stapleton
Circuit Judg